**WB SUMMIT PROPERTIES, INC. and Wagner & Brown, Ltd., Appellants,**

v.

**MIDLAND CENTRAL APPRAISAL DISTRICT and Midland County Appraisal Review Board, Appellees.**

No. 08–02–00535–CV.

Court of Appeals of Texas, El Paso.

Nov. 26, 2003.

Laurie Ratliff, Popp & Ikard LLP, Austin, for appellants.

Kirk Swinney, McCreary, Veselka, Bragg & Allen, P.C., Austin, for appellees.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

### *OPINION*

SUSAN LARSEN, Justice.

The question before the Court is whether that section of the Texas Tax Code allowing for retroactive correction of errors in the appraisal rolls can be used to allow interstate allocation of value after the expiration of statutory deadlines. WB Summit Properties, Inc. and Wagner & Brown, Ltd., (Summit) appeal from a summary judgment in favor of Midland Central Appraisal District and Midland County Appraisal Review Board (MCAD), disallowing an allocation of Summit's taxable personal property for the years 1995 through 1998. We affirm.

## Facts

This case concerns the valuation of two business aircrafts owned by Summit and used in interstate commerce. The purpose of such valuation is to set ad valorem personal property taxes.

WB Summit owned two aircrafts during the time at issue, January 1, 1995 through December 31, 1998, a 1982 Dassault Falcon 50, and a 1980 Lear Jet 35A. Commercial enterprises are required to render their personal property; that is, to provide the local central appraisal district with an estimated value of personal property. TEX. TAX CODE ANN. § 22.01(a) (Vernon 2001). Summit rendered to MCAD the full value of the aircrafts and paid the taxes on the full valuation through the years 1995, 1996, 1997, and 1998. At no time during this period did Summit request interstate allocation on those aircrafts pursuant to Tax Code chapters 41 and 42, or section 25.25.

On December 30, 1999, Summit filed a request for interstate allocation of the property for the 1995 tax year. On January 26, 2000, Summit filed a motion for interstate allocation for tax years 1996, 1997, 1998, and 1999. MCAD granted Summit's motion to allocate only for the then-current tax year of 1999. Summit challenged the denial for tax years 1995 through 1998 in district court; the parties filed competing motions for summary judgment. Upon a finding that no material facts were in dispute, the trial court denied Summit's summary judgment motion, and granted MCAD's summary judgment motion. This appeal follows.

## Standard of Review

MCAD filed for summary judgment under both 166a(c) and 166a(i). In order to support a summary judgment, the movant bears the burden of proof, and all doubts concerning the existence of a genuine issue of fact must be resolved against the movant. *Roskey v. Tex. Health Facilities Comm'n,* 639 S.W.2d 302, 303 (Tex.1982). Once the movant proves a right to a summary judgment, the burden shifts to the nonmovant to present evidence creating genuine issues of material fact. *Macias v. Fiesta Mart, Inc.,* 988 S.W.2d 316, 317 (Tex.App.-Houston [1st Dist.] 1999, no pet.); *City of Houston v. Clear Creek Basin Authority.,* 589 S.W.2d 671, 678 (Tex. 1979).

In a no evidence summary judgment, the movant may, after sufficient time for discovery, move for summary judgment if there is no evidence to support one or more elements of a claim on which the nonmovant has the burden of proof at trial. TEX.R. CIV. P. 166a(i). The motion must state the elements as to which there is no evidence and the reviewing court must grant the motion unless the nonmovant produces summary judgment evidence raising a genuine issue of material fact. *Id.*

Where both parties file motions for summary judgment and the court denies one and grants the other, the reviewing court should review the summary judgment evidence presented by both sides and decide all questions presented and render a judgment that should have been rendered by the trial court. *City of Garland v. Dallas Morning News,* 22 S.W.3d 351, 356 (Tex. 2000); *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988); *Members Mut. Ins. Co. v. Hermann Hosp.,* 664 S.W.2d 325, 328 (Tex. 1984).

## Trial Court Properly Exercised Jurisdiction in this Case

■ As a threshold issue, Summit asserts that the trial court had jurisdiction to hear this case. In contrast, MCAD contends the trial court lacked jurisdiction because Summit failed to exhaust adminis-

trative remedies, as the deadlines to protest appraisals had expired. However, section 42.21 attaches deadlines for district court review to the date that the Appraisal Review Board makes a ruling on a protest. Here, that date was May 25, 2000, and Summit filed its original petition on July 7, 2000, within the 45–day statutory deadline. Regarding Summit's Issue One, then, we hold that Summit complied with all statutory requirements governing appeal and the trial court had jurisdiction to hear the allocation challenge, as do we.

### WB Summit is Entitled to Apply for Allocation of Market Values under Section 21.03(a)

In its Issues Two, Three, Four, Five, Six, and Eight, Summit urges it qualified for interstate allocation of value on its aircraft, and that the trial court should have denied MCAD's summary judgment motion while granting Summit's. We start by agreeing that if Summit met applicable deadlines for each tax year, it was potentially eligible for allocation of the market value of its airplanes under Tax Code section 21.03. This section reads:

(a) If personal property that is taxable by a taxing unit is used continually outside this state, whether regularly or irregularly, the appraisal office shall allocate to this state the portion of the total market value of the property that fairly reflects its use in this state.

(b) The comptroller shall adopt rules:

(1) identifying the kinds of property subject to this section; and

(2) establishing formulas for calculating the proportion of total market value to be allocated to this state. TEX. TAX CODE ANN. § 21.03 (Vernon 2001).

We note that interstate allocation is not automatic, and must be requested by the property owner. TEX. TAX CODE ANN. § 41.41 (Vernon 2001); *Aramco Associat-* *ed Co. v. Harris County Appraisal Dist.,* 33 S.W.3d 361, 364 (Tex.App.-Texarkana 2000, pet. denied); *Harris County Appraisal Dist. v. Texas Gas Transmission Corp.,* 105 S.W.3d 88, 94 (Tex.App.-Houston [1st Dist.] 2003, no pet. h.); *Corsicana Co., Inc. v. Dallas Cent. Appraisal Dist.,* 2002 WL 244326, at *3 (Tex.App.-Dallas 2002, no pet.) (not designated for publication); *Kellair Aviation Co. v. Travis Cent. Appraisal Dist.,* 99 S.W.3d 704, 709 (Tex. App.-Austin 2003, pet. denied); *A & S Air Serv., Inc. v. Denton Cent. Appraisal Dist.,* 99 S.W.3d 340, 343 (Tex.App.-Fort Worth 2003, no pet.); *Denton Central Appraisal Dist. v. CIT Leasing Corp.,* 115 S.W.3d 261, 261 (Tex.App.-Fort Worth 2003, no pet.).

Summit provided MCAD with flight data and manifests to establish its airplanes were used outside Texas in interstate or foreign commerce. Therefore, Summit's planes would, at least theoretically, appear to qualify for exemption. That does not end our inquiry, however.

### Section 25.25 Provides a Remedy Apart from the Traditional Remedies in Chapter 41; Section 25.25(d) Does Not Apply to an Interstate Allocation Request; and Section 25.25(c)(3) Provides a Remedy for Obtaining Allocation

The Tax Code provides that taxpayers must file notice of any protest of valuations within thirty days after that year's taxation notice is delivered to the property owner. TEX. TAX CODE ANN. § 41.44(a)(1) (Vernon 2001). This allows appraisal districts a level of certainty when setting the tax roll, and impacts local government decisions on whether or not a change in tax rates is warranted. For this reason, there are time limits attached to valuation protests.

Nevertheless, Summit argues it should be allowed to apply for interstate allocation through the Tax Code provision which allows for corrections to errors in the tax roll for up to five years after the taxes became due. TEX. TAX CODE ANN. § 25.25 (Vernon 2001). That section provides:

(1) clerical errors that affect a property owner's liability for a tax imposed in that tax year;

(2) multiple appraisals of a property in that tax year; or

(3) the inclusion of property that does not exist in the form or at the location described in the appraisal roll. TEX. TAX CODE ANN. § 25.25(c) (Vernon 2001).

Summit asserts it should be able to apply for interstate apportionment through this section because its aircraft did not "exist in the form or at the location described in the appraisal role" for the entire duration of the taxable year. MCAD asserts to the contrary, that section 25.25 does not provide a remedy for a taxpayer's failure to request an interstate allocation of business aircraft exemption during the annual protest period, and even if it did, this provision contemplates non-existent property, not property which did exist in some form and at that location during the tax year.

Unfortunately for Summit, a number of our sister courts of appeals have considered this question, and uniformly decided it against the taxpayer. *Aramco Associated Co.*, 33 S.W.3d at 364 n. 2; *Harris County Appraisal Dist.*, 105 S.W.3d at 98; *Curtis C. Gunn v. Bexar County Appraisal Dist.*, 71 S.W.3d 425, 429 (Tex.App.-San Antonio 2002, pet. denied); *Corsicana Co., Inc.*, 2002 WL 244326, at *3; *Kellair Aviation Co.*, 99 S.W.3d at 706–08; *A & S Air Serv., Inc.*, 99 S.W.3d at 342–44; *Denton Central Appraisal Dist.*, 115 S.W.3d at 266; *Titanium Metals Corp. v. Dallas County Appraisal Dist.*, 3 S.W.3d 63, 66 (Tex.App.-Dallas 1999, no pet.).

One of these is *Kellair Aviation Co.*, 99 S.W.3d 704.[1] There, the Austin Court of Appeals decided Tax Code section 25.25 does not present a proper remedy for taxpayers seeking interstate allocation of the tax valuation of a commercial airplane for tax years 1996 and 1997. *Id.* at 705. In *Kellair*, as here, the taxpayer claimed the statute applied because the portion of the airplane allocable to interstate commerce did not exist at the location described in the appraisal roll. The court looked to another case, *Titanium Metals*, in its analysis:

The tax code does not explain what is meant by the phrase "property that does not exist in the form or at the location described in the appraisal roll." TEX. TAX CODE ANN. § 25.25(c)(3); *Titanium Metals Corp. v. Dallas County Appraisal Dist.*, 3 S.W.3d 63, 66 (Tex.App.-Dallas 1999, no pet.). *Titanium Metals* defined the term "form" in section 25.25(c)(3) to mean the property's identification as real property, personal property, or some other physical description of the property *other than its appraised value or its use.* 3 S.W.3d at 66 (citing *Dallas Cent. Appraisal Dist. v. G.T.E. Directories Corp.*, 905 S.W.2d 318, 321 (Tex.App.-Dallas 1995, writ denied)). Therefore, the court reasoned, section 25.25(c)(3) applies only when *no* property exists in the form or at the location described in the appraisal roll. *Id.; see G.T.E. Directories*, 905 S.W.2d at 321. In other words, section 25.25(c)(3) permits correction of the appraisal roll only when it erroneously reflects that a particular form of property exists at a specified location and, in fact, no such property exists at that location. *Titanium*

---

1. Taxpayer's counsel in *Kellair* is also representing Summit in instant case.

378

*Metals,* 3 S.W.3d at 66. *Kellair,* 99 S.W.3d at 707.

The Austin court thus concluded that the taxpayer was not eligible for allocation for prior years. The other cases cited have decided similarly.

Summit makes no assertions of uniqueness or equity that distinguish this case from those that have rejected the use of section 25.25 as a vehicle for attaining retroactive interstate allocation of valuation, nor do we perceive any. Summit's second, third, fourth, fifth, sixth, and eighth issues are overruled.

### No Evidence Summary Judgment

In its seventh issue, Summit argues that MCAD's no evidence summary judgment motion was inadequate because it did not specifically state the elements as to which there is no evidence. We do not agree. MCAD's motion sets out in detail the tax statutes which are the meat of this case, and states why Summit could not receive retroactive allocation. MCAD's motion is neither conclusory or general and we conclude it met the requirements of Tex.R. Civ. P. 166a(i). Moreover, even if it did not, any harm in granting it is harmless as MCAD was entitled to judgment under its traditional summary judgment motion. Summit's seventh issue is overruled.

### Conclusion

For these reasons, we conclude that the trial court properly granted summary judgment for the Midland Central Appraisal District and Midland County Appraisal Review Board. Accordingly, we affirm.