COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 WB SUMMIT
 PROPERTIES, INC. 
 AND WAGNER & BROWN,
 LTD.,
  
                             Appellants,
  
 v.
  
 MIDLAND
 CENTRAL APPRAISAL DISTRICT AND MIDLAND COUNTY APPRAISAL REVIEW BOARD,
  
                             Appellees.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-02-00535-CV
  
 Appeal from the
  
 238th District Court
  
 of Midland County, Texas
  
 (TC# CV43064)
 
 




 

O
P I N I O N

The question before the Court is
whether that section of the Texas Tax Code allowing for retroactive correction
of errors in the appraisal rolls can be used to allow interstate allocation of
value after the expiration of statutory deadlines.  WB Summit Properties, Inc.
and Wagner & Brown, Ltd., (Summit) appeal from a summary judgment in favor
of Midland Central Appraisal District and Midland County Appraisal Review Board
(MCAD), disallowing an allocation of Summit=s
taxable personal property for the years 1995 through 1998.  We affirm.








Facts

This case concerns the valuation of
two business aircrafts owned by Summit and used in interstate commerce.  The purpose of such valuation is to set ad valorem personal property taxes.

WB Summit owned two aircrafts during
the time at issue, January 1, 1995 through December 31, 1998, a 1982 Dassault Falcon 50, and a 1980 Lear Jet 35A.  Commercial enterprises are required to render
their personal property; that is, to provide the local central appraisal
district with an estimated value of personal property.  Tex. Tax Code Ann. ' 22.01(a) (Vernon 2001).  Summit rendered to MCAD the full value of the
aircrafts and paid the taxes on the full valuation through the years 1995,
1996, 1997, and 1998.  At no time during
this period did Summit request interstate allocation on those aircrafts
pursuant to Tax Code chapters 41 and 42, or section 25.25.

On December 30, 1999, Summit filed a
request for interstate allocation of the property for the 1995 tax year.  On January 26, 2000, Summit filed a motion
for interstate allocation for tax years 1996, 1997, 1998, and 1999.  MCAD granted Summit=s motion to allocate only for the
then-current tax year of 1999.  Summit
challenged the denial for tax years 1995 through 1998 in district court; the
parties filed competing motions for summary judgment.  Upon a finding that no material facts were in
dispute, the trial court denied Summit=s summary judgment motion, and
granted MCAD=s summary judgment motion.  This appeal follows.








Standard of Review

MCAD filed for summary judgment under
both 166a(c) and 166a(i).  In order to support a summary judgment, the movant bears the burden of proof, and all doubts concerning
the existence of a genuine issue of fact must be resolved against the movant. Roskey v. Tex. Health Facilities Comm=n, 639 S.W.2d 302, 303 (Tex. 1982).  Once the movant proves a right to a summary judgment, the burden
shifts to the nonmovant to present evidence creating
genuine issues of material fact.  Macias
v. Fiesta Mart, Inc., 988 S.W.2d 316, 317 (Tex. App.--Houston [1st Dist.]
1999, no pet.); City of Houston v. Clear Creek Basin Authority., 589 S.W.2d 671, 678 (Tex. 1979).

In a no evidence summary judgment,
the movant may, after sufficient time for discovery,
move for summary judgment if there is no evidence to support one or more
elements of a claim on which the nonmovant has the
burden of proof at trial.  Tex. R. Civ. P.
166a(i).  The motion must state the elements as to
which there is no evidence and the reviewing court must grant the motion unless
the nonmovant produces summary judgment evidence
raising a genuine issue of material fact. 
Id.








Where both parties file motions for
summary judgment and the court denies one and grants the other, the reviewing
court should review the summary judgment evidence presented by both sides and
decide all questions presented and render a judgment that should have been
rendered by the trial court.  City of Garland v. Dallas Morning News, 22 S.W.3d 351, 356
(Tex. 2000); Jones v. Strauss, 745 S.W.2d 898, 900 (Tex. 1988); Members
Mut. Ins. Co. v.
Hermann Hosp., 664 S.W.2d 325, 328 (Tex. 1984).


Trial
Court Properly Exercised Jurisdiction in this Case

As a threshold issue, Summit asserts
that the trial court had jurisdiction to hear this case.  In contrast, MCAD contends the trial court
lacked jurisdiction because Summit failed to exhaust administrative remedies, as
the deadlines to protest appraisals had expired.  However, section 42.21 attaches deadlines for
district court review to the date that the Appraisal Review Board makes a
ruling on a protest.  Here, that date was
May 25, 2000, and Summit filed its original petition on July 7, 2000, within
the 45-day statutory deadline.  Regarding
Summit=s Issue One, then, we hold that
Summit complied with all statutory requirements governing appeal and the trial
court had jurisdiction to hear the allocation challenge, as do we.

WB Summit is Entitled to
Apply for Allocation of Market Values

under
Section 21.03(a)

 

In its Issues Two, Three, Four, Five,
Six, and Eight, Summit urges it qualified for interstate allocation of value on
its aircraft, and that the trial court should have denied MCAD=s summary judgment motion while
granting Summit=s. We start by agreeing that if Summit met applicable
deadlines for each tax year, it was potentially eligible for allocation of the
market value of its airplanes under Tax Code section 21.03. This section reads:








(a) If
personal property that is taxable by a taxing unit is used continually outside
this state, whether regularly or irregularly, the appraisal office shall
allocate to this state the portion of the total market value of the property
that fairly reflects its use in this state.

 

(b) The
comptroller shall adopt rules:

 

(1) identifying the kinds of
property subject to this section; and

 

(2) establishing formulas for
calculating the proportion of total market value to be allocated to this
state.  Tex.
Tax Code Ann. ' 21.03 (Vernon 2001).        

 

We note that interstate allocation is not automatic, and must
be requested by the property owner.  Tex. Tax Code Ann. ' 41.41 (Vernon 2001); Aramco Associated Co. v. Harris County Appraisal
Dist., 33 S.W.3d 361, 364 (Tex. App.--Texarkana 2000, pet. denied); Harris
County Appraisal Dist. v. Texas Gas Transmission Corp., 105 S.W.3d 88, 94
(Tex. App.--Houston [1st Dist.] 2003, no pet. h.); Corsicana Co., Inc. v.
Dallas Cent. Appraisal Dist.,
2002 WL 244326, at *3 (Tex. App.--Dallas 2002, no pet.) (not designated for publication); Kellair
Aviation Co. v. Travis Cent. Appraisal Dist., 99 S.W.3d 704, 709 (Tex.
App.--Austin 2003, pet. denied);  A&S Air Serv., Inc. v. Denton Cent. Appraisal
Dist., 99 S.W.3d 340, 343 (Tex. App.--Fort
Worth 2003, no pet.); Denton Central Appraisal Dist. v. CIT Leasing
Corp., 115 S.W.3d 261, 261 (Tex. App.--Fort
Worth 2003, no pet.).

Summit provided MCAD with flight data
and manifests to establish its airplanes were used outside Texas in interstate
or foreign commerce.  Therefore, Summit=s planes would, at least
theoretically, appear to qualify for exemption. 
That does not end our inquiry, however.








Section 25.25 Provides a Remedy Apart from the
Traditional Remedies in 

Chapter 41; Section 25.25(d) Does Not Apply to an
Interstate Allocation Request; and Section 25.25(c)(3)
Provides a Remedy for Obtaining Allocation

 

The Tax Code provides that taxpayers
must file notice of any protest of valuations within thirty days after that
year=s taxation notice is delivered to the
property owner.  Tex. Tax Code Ann. ' 41.44(a)(1)
(Vernon 2001).  This allows appraisal
districts a level of certainty when setting the tax roll, and impacts local
government decisions on whether or not a change in tax rates is warranted.  For this reason, there are time limits
attached to valuation protests.

Nevertheless, Summit argues it should
be allowed to apply for interstate allocation through the Tax Code provision
which allows for corrections to errors in the tax role for up to five years
after the taxes became due.  Tex. Tax Code Ann. ' 25.25 (Vernon 2001).  That section provides:

(1) clerical errors that affect a property owner=s liability for a tax imposed in that tax year;

 

(2)  multiple appraisals
of a property in that tax year; or

 

(3) the inclusion of property that does not exist in the 

form or at the location described in the appraisal roll.

Tex. Tax
Code Ann. '
25.25(c) (Vernon 2001).

 








Summit asserts it should be able to apply for interstate
apportionment through this section because its aircraft did not Aexist in the form or at the location
described in the appraisal role@ for the entire duration of the taxable year.  MCAD asserts to the contrary, that  section 25.25
does not provide a remedy for a taxpayer=s failure to request an interstate
allocation of business aircraft exemption during the annual protest period, and
even if it did, this provision contemplates non-existent property, not property
which did exist in some form and at that location during the tax year.

Unfortunately for Summit, a number of
our sister courts of appeals have considered this question, and uniformly
decided it against the taxpayer.  Aramco Associated Co., 33 S.W.3d at 364 n.2; Harris
County Appraisal Dist., 105 S.W.3d at 98;  Curtis C. Gunn v. Bexar County Appraisal Dist.,
71 S.W.3d 425, 429 (Tex. App.--San Antonio 2002, pet. denied); Corsicana
Co., Inc., 2002 WL 244326, at *3; Kellair
Aviation Co., 99 S.W.3d at 706-08; A&S Air Serv.,
Inc., 99 S.W.3d at 342-44; Denton Central Appraisal Dist., 115
S.W.3d at 266; Titanium Metals Corp. v. Dallas County Appraisal Dist., 3
S.W.3d 63, 66 (Tex. App.--Dallas 1999, no pet.).

One of these is Kellair
Aviation Co., 99 S.W.3d 704.[1]  There, the Austin Court of Appeals decided
Tax Code section 25.25 does not present a proper remedy for taxpayers seeking
interstate allocation of the tax valuation of a commercial airplane for tax
years 1996 and 1997.  Id.
at 705.  In Kellair,
as here, the taxpayer claimed the statute applied because the portion of the
airplane allocable to interstate commerce did not exist at the location
described in the appraisal roll.  The
court looked to another case, Titanium Metals, in its analysis:








The
tax code does not explain what is meant by the phrase Aproperty that does
not exist in the form or at the location described in the appraisal roll.@  Tex. Tax Code Ann. ' 25.25(c)(3); Titanium
Metals Corp. v. Dallas County Appraisal Dist., 3 S.W.3d 63, 66 (Tex.
App.--Dallas 1999, no pet.).  Titanium
Metals defined the term Aform@ in section 25.25(c)(3) to
mean the property=s identification as real property, personal property,
or some other physical description of the property other than its appraised
value or its use.  3
S.W.3d at 66 (citing Dallas Cent. Appraisal
Dist. v. G.T.E. Directories Corp., 905 S.W.2d
318, 321 (Tex. App.--Dallas 1995, writ
denied)).  Therefore,
the court reasoned, section 25.25(c)(3) applies only
when no property exists in the form or at the location described in the
appraisal roll.  Id.; see
G.T.E. Directories, 905 S.W.2d at 321. 
In other words, section 25.25(c)(3) permits
correction of the appraisal roll only when it erroneously reflects that a
particular form of property exists at a specified location and, in fact, no
such property exists at that location. Titanium Metals, 3 S.W.3d at 66.  Kellair, 99 S.W.3d at 707.

 

The Austin court thus concluded that the taxpayer was not
eligible for allocation for prior years. 
The other cases cited have decided similarly.

Summit makes no assertions of
uniqueness or equity that distinguish this case from those that have rejected
the use of section 25.25 as a vehicle for attaining retroactive interstate
allocation of valuation, nor do we perceive any.  Summit=s second, third, fourth, fifth,
sixth, and eighth issues are overruled.

No
Evidence Summary Judgment








In its seventh issue, Summit argues
that MCAD=s no evidence summary judgment motion
was inadequate because it did not specifically state the elements as to which
there is no evidence.  We do not
agree.  MCAD=s motion sets out in detail the tax
statutes which are the meat of this case, and states why Summit could not
receive retroactive allocation.  MCAD=s motion is neither
conclusory or general and we conclude it met
the requirements of Tex. R. Civ. P. 166a(i).  Moreover, even if
it did not, any harm in granting it is harmless as MCAD was entitled to
judgment under its traditional summary judgment motion.  Summit=s seventh issue is overruled.

Conclusion

For these reasons, we conclude that the
trial court properly granted summary judgment for the Midland Central Appraisal
District and Midland County Appraisal Review Board.  Accordingly, we affirm.

 

SUSAN
LARSEN, Justice

November 26, 2003

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 











[1]Taxpayer=s counsel in Kellair
is also representing Summit in instant case.