Opinion issued January 8, 2004










                                                     
  
In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00282-CV




HARRIS COUNTY APPRAISAL DISTRICT, Appellant

V.

PANHANDLE EASTERN PIPELINE COMPANY, Appellee




On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 2000-41317




MEMORANDUM OPINION

          Appellant, Harris County Appraisal District (“HCAD”), appeals from the trial
court’s final judgment, rendered upon an agreed statement of facts, ordering that
HCAD correct the tax appraisal rolls for four previous tax years to reflect interstate
allocation for business aircraft owned by appellee, Panhandle Eastern Pipeline
Company (“Panhandle Eastern”). We reverse the judgment and render judgment that
Panhandle Eastern take nothing by way of its suit.
Background
          The facts are undisputed. Panhandle Eastern is a Delaware corporation with
its principal place of business in Texas. Panhandle owned two business aircraft that
were registered in Houston. The aircraft had a taxable situs in Texas, but were
operated inside and outside Texas.
          Panhandle Eastern rendered


 the aircraft for taxation for tax years 1995 to
1998. See Tex. Tax Code Ann. § 22.01(a) (Vernon Supp. 2004) (requiring rendition
of taxable personal property). However, Panhandle Eastern did not provide HCAD
with information from which to determine entitlement to allocation


 or from which
HCAD could allocate the aircraft’s value for tax years 1995 to 1998. HCAD thus
appraised the aircraft for the years 1995 to 1998 without allocating their value for use
outside the state.


 Panhandle Eastern did not protest these appraisals.
          In 1999 and 2000, Panhandle Eastern moved to correct the 1995 to 1998
appraisal rolls for its aircraft under Tax Code section 25.25(c)(3). See Tex. Tax
Code Ann. § 25.25(c)(3) (Vernon 2002). The Appraisal Review Board denied these
motions, and Panhandle Eastern sought judicial review in the district court. After a
bench trial held upon an agreed statement of facts, the trial court rendered judgment
in favor of Panhandle Eastern, ordering that HCAD correct the 1995 to 1998 appraisal
rolls to take into account interstate allocation in the value of the aircraft.
Standard of Review
          The case was tried pursuant to Texas Rule of Civil Procedure 263. See Tex.
R. Civ. P. 263. A case submitted under rule 263, like a special verdict, is a request
by the parties for judgment in accordance with the applicable law. See Chiles v.
Chubb Lloyds Ins. Co., 858 S.W.2d 633, 634 (Tex. App.—Houston [1st Dist.] 1993,
writ denied). There are no presumed findings in favor of the judgment because the
trial court had no factual issues to resolve. See Stewart v. Hardie, 978 S.W.2d 203,
206 (Tex. App.—Fort Worth 1998, pet. denied). The only issue on appeal is whether
the trial court correctly applied the law to the agreed facts. Harris County Appraisal
Dist. v. Transamerica Container Leasing Inc., 920 S.W.2d 678, 680 (Tex.
App.—Houston [1st Dist.] 1995, writ denied). Because the issue is purely a question
of law, our review is de novo. Stewart, 978 S.W.2d at 206.
Correction of Appraisal Rolls under Tax Code Section 25.25(c)(3)
          In its sole issue, HCAD argues that the trial court erred in rendering judgment
ordering that the 1995 to 1998 appraisal rolls be corrected to reflect interstate
allocation for Panhandle Eastern’s aircraft. This Court has recently held that a prior
year’s appraisal roll cannot be corrected under section 25.25(c)(3) to reflect
previously unrequested interstate allocation of property. Harris County Appraisal
Dist. v. Tex. Gas Transmission Corp., 105 S.W.3d 88, 98-99 (Tex. App.—Houston
[1st Dist.] 2003, pet. filed). For the reasons stated in Texas Gas Transmission, we
hold that the trial court erred in rendering judgment for Panhandle Eastern.
          Panhandle Eastern asks that we revisit our holding in Texas Gas Transmission. 
We decline to do so. First, the en banc Court considered the issue exhaustively in
Texas Gas Transmission. Second, seven of our sister courts of appeals that have
considered the issue have reached the same conclusion as we did in Texas Gas
Transmission.


 Third, petition for discretionary review has been filed in four of the
cases in which the court reached this conclusion concerning section 25.25(c)(3),



rehearing of the denial of the petition for review has been filed in another such case,



and the Supreme Court has requested (and the parties have filed) briefing on the
merits in three of these five cases. We decline to revisit our conclusion concerning
section 25.25(c)(3) when cases involving that issue are currently pending before the
Texas Supreme Court.
          Fourth, we or other courts of appeals have already implicitly or expressly
rejected each argument that Panhandle Eastern raises in its brief as a basis for
reconsidering our opinion in Texas Gas Transmission. For example, Panhandle
Eastern first notes that the United States Constitution requires that taxation take into
account interstate allocation. With this proposition we agree, but our sister courts
have held that this constitutionally based right can be waived if the taxpayer does not
timely contest a valuation omitting interstate allocation. See Kellair Aviation Co. v.
Travis Cent. Appraisal Dist., 99 S.W.3d 704, 709 (Tex. App.—Austin 2003, pet.
denied); A&S Air Serv., Inc. v. Denton Cent. Appraisal Dist., 99 S.W.3d 340, 343-44
(Tex. App.—Fort Worth 2003, no pet.); Aramco Associated Co. v. Harris County
Appraisal Dist., 33 S.W.3d 361, 364 (Tex. App.—Texarkana 2000, pet. denied). 
Moreover, in Texas Gas Transmission, we implicitly agreed with these courts’
conclusion by overruling Himont U.S.A., Inc. v. Harris County Appraisal District,
904 S.W.2d 740, 743 (Tex. App.—Houston [1st Dist.] 1995, no writ), which had
based its holding concerning Tax Code section 25.25(c)(3) in part on this
constitutional basis. See Texas Gas Transmission, 105 S.W.3d at 96, 99 (noting this
basis in Himont and overruling Himont). 
          Panhandle Eastern next argues that it could not have sought interstate
allocation when it rendered the aircraft in 1995 through 1997 because the statute then
granting the right to allocate—Tax Code section 21.03—had been declared
unconstitutional in 1986 by one court of appeals and was not declared constitutional
by the Texas Supreme Court until 1998. See Aransas County Appraisal Review Bd.
v. Tex. Gulf Shrimp Co., 707 S.W.2d 186, 192 (Tex. App.—Corpus Christi 1986, writ
ref’d n.r.e.), overruled by Appraisal Review Bd. of Galveston County, Tex. v. Tex-Air
Helicopters, Inc., 970 S.W.2d 530, 534 (Tex. 1998); see also Tex. Tax Code Ann.
§ 21.03(a) (Vernon 2002). However, some of the courts holding that Tax Code
section 25.25(c)(3) does not allow a belated correction of the tax rolls to reflect
interstate allocation have noted in dictum that the validity of Tax Code section 21.03
was in question before 1998, but have nonetheless concluded that the taxpayer could
not seek interstate allocation belatedly under section 25.25(c)(3) for tax years before
1998. See Harris County Appraisal Dist. v. Tex. E. Transmission Corp., 99 S.W.3d
849, 850 n.2 (Tex. App.—Houston [14th Dist.] 2003, pet. filed); Kellair Aviation, 99
S.W.3d at 705 n.3. Moreover, regardless of whether Tax Code section 21.03’s
constitutionality was in question before 1998, we cannot amend the text of section
25.25(c)(3) judicially to require a correction that the statute’s text does not.
          Panhandle Eastern further argues that, to the extent that we relied in Texas Gas
Transmission on caselaw based on Titanium Metals and G.T.E. Directories to support
our holding concerning section 25.25(c)(3), we erred because Titamium Metals and
G.T.E. Directories did not involve interstate allocation and because they interpreted
the term “form,” not the term “location,” in section 25.25(c)(3). See Texas Gas
Transmission, 105 S.W.3d at 94-95 (relying on such cases); Titanium Metals Corp.
v. Dallas County Appraisal Dist., 3 S.W.3d 63, 66-67 (Tex. App.—Dallas 1999, no
pet.); Dallas Cent. Appraisal Dist. v. G.T.E. Directories Corp., 905 S.W.2d 318, 321-22 (Tex. App.—Dallas 1995, writ denied). However, several courts (including ours)
have found no problem with relying on Titamium Metals and G.T.E. Directories by
analogy; Titamium Metals and G.T.E. Directories were not necessarily the sole basis
for these courts’ holdings concerning section 25.25(c)(3); and one court has expressly
rejected the argument that Titamium Metals and G.T.E. Directories cannot provide
analogous support because they did not involve interstate allocation. See Corsicana
Co. v. Dallas Cent. Appraisal Dist., 2002 WL 244326, * 2-3 (Tex. App.—Dallas Feb.
21, 2002, no pet.) (not designated for publication).
          Panhandle Eastern next argues that the Legislative history of section
25.25(c)(3), and the fact that the Legislature did not overrule our holding in Himont
by statutory amendment, show a legislative intent contrary to our holding in Texas
Gas Transmission. However, we have rejected both of these arguments before, and
we decline to re-examine them. See Tex. Gas Transmission, 105 S.W.3d at 97-98; cf.
Titanium Metals, 3 S.W.3d at 67; G.T.E. Directories, 905 S.W.3d at 322. 
          Panhandle Eastern further relies on an Attorney General’s opinion that
discussed Himont’s now-overruled holding, but at least one other court that has noted
the existence of the Attorney General’s opinion has not followed the Attorney
General’s reasoning. See CIT Leasing Corp. v. Tarrant Appraisal Review Bd., 2003
WL 21666622, * 1 n.7 (Tex. App.—Fort Worth July 17, 2003, no pet.) (mem. op.);
see also Tex. Gas Transmission, 105 S.W.3d at 98 (noting that Attorney General’s
reliance on Himont did not prevent us from overruling Himont). Moreover, the
Attorney General’s opinion issued at a time when the only opinion directly on point
was Himont, which explains why the Attorney General’s opinion relied solely on
Himont. See Tex. Atty. Gen. Op. JC-0180 (Feb. 8, 2000). All courts considering the
issue thereafter have rejected Himont’s conclusion. 
          Finally, Panhandle Eastern raises several policy and fairness arguments in
support of its interpretation of section 25.25(c)(3). However, some courts have
recognized that other policy considerations support their contrary interpretation of
section 25.25(c)(3). See WB Summit Props., Inc. v. Midland Cent. Appraisal Dist.,
2003 WL 22808120, * 3 (Tex. App.—El Paso Nov. 26, 2003, no pet. h.) (noting that
reasoning underlying time limits for valuation protests is that taxing entity can have
“level of certainty” when setting tax roll and that local government can decide
whether to change tax rates); Aramco Associated, 33 S.W.3d at 364 n.2 (stating that
Legislature is aware of taxing entity’s need to establish final tax roll so that taxing
entity can know income for purpose of making budget). We agree with these courts’
reasoning, not with Panhandle Eastern’s.
                                                         Conclusion
          We grant HCAD’s sole issue, reverse the judgment of the trial court, and render
judgment that Panhandle Eastern take nothing by way of its suit.


 
Tim Taft
Justice 
 
Panel consists of Justices Taft, Nuchia, and Keyes.