Opinion issued January 8, 2004











                                                     
   
In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00289-CV




HARRIS COUNTY APPRAISAL DISTRICT, Appellant

V.

TRUNKLINE GAS CORPORATION, Appellee




On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2000-41316




MEMORANDUM OPINION

          Appellant, Harris County Appraisal District (“HCAD”), appeals from the trial
court’s final judgment, rendered upon an agreed statement of facts, ordering that
HCAD correct the tax appraisal rolls for two previous tax years to reflect interstate
allocation for business aircraft owned by appellee, Trunkline Gas Company
(“Trunkline”). We reverse the judgment and render judgment that Trunkline take
nothing by way of its suit.
Background
          The facts are undisputed. Trunkline is a Delaware corporation with its
principal place of business in Houston, Texas. Trunkline owned two business aircraft
that were registered in Houston. The aircraft had a taxable situs in Texas, but
operated inside and outside Texas.
          Trunkline rendered


 the aircraft for taxation for tax years 1995 to 1997. See
Tex. Tax Code Ann. § 22.01(a) (Vernon Supp. 2004) (requiring rendition of taxable
personal property). However, Trunkline did not provide HCAD with information
from which to determine entitlement to allocation


 or from which HCAD could
allocate the aircraft’s value for tax years 1995 to 1997. HCAD thus appraised the
aircraft for the years 1995 to 1997 without allocating their value for use outside the
state.


 Trunkline did not protest these appraisals.
          In 1999 and 2000, Trunkline moved to correct the 1995 to 1997 appraisal rolls
for its aircraft under Tax Code section 25.25(c)(3). See Tex. Tax Code Ann. §
25.25(c)(3) (Vernon 2002). The Appraisal Review Board denied these motions, and
Trunkline sought judicial review in the district court. After a bench trial held upon
an agreed statement of facts, the trial court rendered judgment partially in favor of
Trunkline, ordering that HCAD correct the 1996 and 1997 appraisal rolls to take into
account interstate allocation in the value of the aircraft, and partially in favor of
HCAD for the 1995 tax year.



Standard of Review
          The case was tried pursuant to Texas Rule of Civil Procedure 263. See Tex.
R. Civ. P. 263. A case submitted under rule 263, similar to a special verdict, is a
request by the parties for judgment in accordance with the applicable law. See Chiles
v. Chubb Lloyds Ins. Co., 858 S.W.2d 633, 634 (Tex. App.—Houston [1st Dist.]
1993, writ denied). There are no presumed findings in favor of the judgment because
the trial court had no factual issues to resolve. See Stewart v. Hardie, 978 S.W.2d
203, 206 (Tex. App.—Fort Worth 1998, pet. denied). The only issue on appeal is
whether the trial court correctly applied the law to the agreed facts. Harris County
Appraisal Dist. v. Transamerica Container Leasing Inc., 920 S.W.2d 678, 680 (Tex.
App.—Houston [1st Dist.] 1995, writ denied). Because the issue is purely a question
of law, our review is de novo. Stewart, 978 S.W.2d at 206.
Correction of Appraisal Rolls under Tax Code Section 25.25(c)(3)
          In its sole issue, HCAD argues that the trial court erred in rendering judgment
ordering that the 1995 to 1998 appraisal rolls be corrected to reflect interstate
allocation for Trunkline’s aircraft. This Court has recently held that a prior year’s
appraisal roll cannot be corrected under section 25.25(c)(3) to reflect previously
unrequested interstate allocation of property. Harris County Appraisal Dist. v. Tex.
Gas Transmission Corp., 105 S.W.3d 88, 98-99 (Tex. App.—Houston [1st Dist.]
2003, pet. filed). For the reasons stated in Texas Gas Transmission, we hold that the
trial court erred in rendering judgment for Trunkline.
          Trunkline asks that we revisit our holding in Texas Gas Transmission. We
decline to do so. First, the en banc Court considered the issue exhaustively in Texas
Gas Transmission. Second, seven of our sister courts of appeals that have considered
the issue have reached the same conclusion as we did in Texas Gas Transmission.


 
Third, petition for discretionary review has been filed in four of the cases in which
the court reached this conclusion concerning section 25.25(c)(3),


 rehearing of the
denial of the petition for review has been filed in another such case,


 and the Supreme
Court has requested (and the parties have filed) briefing on the merits in three of these
five cases. We decline to revisit our conclusion concerning section 25.25(c)(3) when
cases involving that issue are currently pending before the Texas Supreme Court.
          Fourth, we or other courts of appeals have already implicitly or expressly
rejected each argument that Trunkline raises in its brief as a basis for reconsidering
our opinion in Texas Gas Transmission. For example, Trunkline first notes that the
United States Constitution requires that taxation take into account interstate
allocation. With this proposition we agree, but our sister courts have held that this
constitutionally based right can be waived if the taxpayer does not timely contest a
valuation omitting interstate allocation. See Kellair Aviation Co. v. Travis Cent.
Appraisal Dist., 99 S.W.3d 704, 709 (Tex. App.—Austin 2003, pet. denied); A&S Air
Serv., Inc. v. Denton Cent. Appraisal Dist., 99 S.W.3d 340, 343-44 (Tex. App.—Fort
Worth 2003, no pet.); Aramco Associated Co. v. Harris County Appraisal Dist., 33
S.W.3d 361, 364 (Tex. App.—Texarkana 2000, pet. denied). Moreover, in Texas Gas
Transmission, we implicitly agreed with these courts’ conclusion by overruling
Himont U.S.A., Inc. v. Harris County Appraisal District, 904 S.W.2d 740, 743 (Tex.
App.—Houston [1st Dist.] 1995, no writ), which had based its holding concerning
Tax Code section 25.25(c)(3) in part on this constitutional basis. See Texas Gas
Transmission, 105 S.W.3d at 96, 99 (noting this basis in Himont and overruling
Himont). 
          Trunkline next argues that it could not have sought interstate allocation when
it rendered the aircraft in 1995 through 1997 because the statute then granting the
right to allocate—Tax Code section 21.03—had been declared unconstitutional in
1986 by one court of appeals and was not declared constitutional by the Texas
Supreme Court until 1998. See Aransas County Appraisal Review Bd. v. Tex. Gulf
Shrimp Co., 707 S.W.2d 186, 192 (Tex. App.—Corpus Christi 1986, writ ref’d n.r.e.),
overruled by Appraisal Review Bd. of Galveston County, Tex. v. Tex-Air Helicopters,
Inc., 970 S.W.2d 530, 534 (Tex. 1998); see also Tex. Tax Code Ann. § 21.03(a)
(Vernon 2002). However, some of the courts holding that Tax Code section
25.25(c)(3) does not allow a belated correction of the tax rolls to reflect interstate
allocation have noted in dictum that the validity of Tax Code section 21.03 was in
question before 1998, but have nonetheless concluded that the taxpayer could not
seek interstate allocation belatedly under section 25.25(c)(3) for tax years before
1998. See Harris County Appraisal Dist. v. Tex. E. Transmission Corp., 99 S.W.3d
849, 850 n.2 (Tex. App.—Houston [14th Dist.] 2003, pet. filed); Kellair Aviation, 99
S.W.3d at 705 n.3. Moreover, regardless of whether Tax Code section 21.03’s
constitutionality was in question before 1998, we cannot amend the text of section
25.25(c)(3) judicially to require a correction that the statute’s text does not.
          Trunkline further argues that, to the extent that we relied in Texas Gas
Transmission on caselaw based on Titanium Metals and G.T.E. Directories to support
our holding concerning section 25.25(c)(3), we erred because Titamium Metals and
G.T.E. Directories did not involve interstate allocation and because they interpreted
the term “form,” not the term “location,” in section 25.25(c)(3). See Texas Gas
Transmission, 105 S.W.3d at 94-95 (relying on such cases); Titanium Metals Corp.
v. Dallas County Appraisal Dist., 3 S.W.3d 63, 66-67 (Tex. App.—Dallas 1999, no
pet.); Dallas Cent. Appraisal Dist. v. G.T.E. Directories Corp., 905 S.W.2d 318, 321-22 (Tex. App.—Dallas 1995, writ denied). However, several courts (including ours)
have found no problem with relying on Titamium Metals and G.T.E. Directories by
analogy; Titamium Metals and G.T.E. Directories were not necessarily the sole basis
for these courts’ holdings concerning section 25.25(c)(3); and one court has expressly
rejected the argument that Titamium Metals and G.T.E. Directories cannot provide
analogous support because they did not involve interstate allocation. See Corsicana
Co. v. Dallas Cent. Appraisal Dist., 2002 WL 244326, * 2-3 (Tex. App.—Dallas Feb.
21, 2002, no pet.) (not designated for publication).
          Trunkline next argues that the Legislative history of section 25.25(c)(3), and
the fact that the Legislature did not overrule our holding in Himont by statutory
amendment, show a legislative intent contrary to our holding in Texas Gas
Transmission. However, we have rejected both of these arguments before, and we
decline to re-examine them. See Tex. Gas Transmission, 105 S.W.3d at 97-98; cf.
Titanium Metals, 3 S.W.3d at 67; G.T.E. Directories, 905 S.W.3d at 322. 
          Trunkline further relies on an Attorney General’s opinion that discussed
Himont’s now-overruled holding, but at least one other court that has noted the
existence of the Attorney General’s opinion has not followed the Attorney General’s
reasoning. See CIT Leasing Corp. v. Tarrant Appraisal Review Bd., 2003 WL
21666622, * 1 n.7 (Tex. App.—Fort Worth July 17, 2003, no pet.) (mem. op.); see
also Tex. Gas Transmission, 105 S.W.3d at 98 (noting that Attorney General’s
reliance on Himont did not prevent us from overruling Himont). Moreover, the
Attorney General’s opinion issued at a time when the only opinion directly on point
was Himont, which explains why the Attorney General’s opinion relied solely on
Himont. See Tex. Atty. Gen. Op. JC-0180 (Feb. 8, 2000). All courts considering the
issue thereafter have rejected Himont’s conclusion. 
          Finally, Trunkline raises several policy and fairness arguments in support of
its interpretation of section 25.25(c)(3). However, some courts have recognized that
other policy considerations support their contrary interpretation of section
25.25(c)(3). See WB Summit Props., Inc. v. Midland Cent. Appraisal Dist., 2003 WL
22808120, * 3 (Tex. App.—El Paso Nov. 26, 2003, no pet. h.) (noting that reasoning
underlying time limits for valuation protests is that taxing entity can have “level of
certainty” when setting tax roll and that local government can decide whether to
change tax rates); Aramco Associated, 33 S.W.3d at 364 n.2 (stating that Legislature
is aware of taxing entity’s need to establish final tax roll so that taxing entity can
know income for purpose of making budget). We agree with these courts’ reasoning,
not with Trunkline’s.
                                                         Conclusion
          We grant HCAD’s sole issue, reverse the judgment of the trial court, and render
judgment that Trunkline take nothing by way of its suit.


 
Tim Taft
Justice 
 
Panel consists of Justices Taft, Nuchia, and Keyes.