

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00227-CV

Elizabeth **GUPTA**,
Appellant

v.

**MIDLAND FUNDING LLC**,
Appellee

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2012CVF000115 D3
Honorable Rebecca Ramirez Palomo, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:       Catherine Stone, Chief Justice
               Sandee Bryan Marion, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  July 23, 2014

AFFIRMED

Elizabeth Gupta appeals a summary judgment awarding Midland Funding LLC damages based on Gupta's failure to pay credit card debt which Midland acquired from Chase Bank USA, N.A.  Gupta contends the trial court erred in granting summary judgment before ruling on her motion to compel discovery.  We affirm the trial court's judgment.

## PROCEDURAL BACKGROUND

Midland filed its petition in the underlying cause on January 30, 2012, and filed its motion for summary judgment on August 3, 2012.  Attached to Midland's motion is a business records

affidavit and the last credit card statement sent to Gupta by Chase. On August 27, 2012, Gupta filed a motion in opposition to Midland's motion for summary judgment, asserting that Midland's motion is "prematurely before the court" because Midland had failed to produce documents Gupta had requested through discovery. No summary judgment evidence was attached to Gupta's response.[1] Both parties appeared before the trial court for a hearing on Midland's motion on March 27, 2013, and the trial court signed an order granting Midland's motion the same day.

## DISCUSSION

Gupta asserts that the trial court erred in failing to rule on her motion to compel discovery before granting the motion for summary judgment. Gupta contends that the documents she requested in discovery would have raised a genuine issue of material fact regarding the validity of the credit card debt.

"If a party is not satisfied with an opposing party's discovery objections or responses to discovery inquiries, that party may move the trial court to compel discovery." *U. Lawrence Boze' & Assoc., P.C. v. Harris Cnty. Appraisal Dist.*, 368 S.W.3d 17, 32 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *see also* TEX. R. CIV. P. 215.1. "To preserve error on a discovery dispute, the appealing party must obtain a ruling by the trial court on the discovery issue." *U. Lawrence Boze' & Assoc., P.C.*, 368 S.W.3d at 32. Moreover, "[w]hen a party contends it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance." *Tenneco, Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996); *see also Kaldis v. Aurora Loan Servs.*, 424 S.W.3d 729, 736 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (same).

---

[1] The law is well-settled that a pleading, including a response to a motion for summary judgment, is not evidence that a court may consider in ruling on a motion for summary judgment. *See Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660-61 (Tex. 1995).

Although the trial court's docket sheet reflects that Gupta filed a motion to compel discovery,[2] the clerk's record in this appeal does not contain a copy of any such motion filed by Gupta. Midland does not dispute that Gupta filed a motion to compel. Nonetheless, even assuming Gupta filed such a motion, the record does not show that Gupta set the motion for a hearing and obtained a ruling on the motion, which would be necessary to preserve her complaint for our review. Although the clerk's record does contain a motion for continuance filed by Gupta on September 25, 2012, that motion was granted by the trial court and the hearing, which had been set for October 1, 2012, was reset to October 22, 2012. Although the record does not contain any additional motions for continuance, the hearing on Midland's motion for summary judgment was not held until March 27, 2013. At that hearing, Gupta did not make any reference to a pending motion for continuance, and the trial court did not rule on either a motion to compel or a motion for continuance. Finally, the trial court's order contains no ruling on any such motion. Accordingly, Gupta failed to preserve her complaint for our review. *See Corona v. Pilgrim's Pride Corp.*, 245 S.W.3d 75, 84 (Tex. App.—Texarkana 2008, pet. denied) (holding complaint relating to motion to compel not preserved where party failed to request hearing, failed to present the motion to compel until the summary judgment hearing, and did not request a ruling on the motion at the hearing or file a motion for continuance).

### CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

---

[2] "[A] docket entry 'forms no part of the record we may consider; it is a memorandum made for the trial court and clerk's convenience. This rule results, in part, from the inherent unreliability of docket entries.'" *SP Terrace, L.P. v. Meritage Homes of Tex., LLC*, 334 S.W.3d 275, 282 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (quoting *Miller v. Kendall*, 804 S.W.2d 922, 944 (Tex. App.—Houston [1st Dist.] 1990, no writ)).