COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      Anthony R. Sueing, Sr. v. Jerald A. Brown, individually and derivatively on behalf of Frontline Recovery and Consulting, Inc., and Frontline Recovery and Consulting North, Inc.

Appellate case number:    01-18-00939-CV

Trial court case number:  2015-61662

Trial court:              333rd District Court of Harris County

This is an appeal from the trial court's judgment dated August 15, 2018, which was entered after a nonjury trial. The appellants timely requested findings of fact and conclusions of law and timely filed a notice of past due findings of fact and conclusions of law. *See* TEX. R. CIV. P. 296, 297. The trial court did not file findings of fact and conclusions of law.

On appeal, the appellants assert that they are unable to properly present their case on appeal because there were multiple grounds for recovery, and, in the absence of findings of fact and conclusions of law, they are forced to guess the basis for the trial court's judgment.

"A party is entitled to findings of fact and conclusions of law after a conventional trial on the merits to the court." *U. Lawrence Bozé & Assocs., P.C. v. Harris Cty. Appraisal Dist.*, 368 S.W.3d 17, 32 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *see* TEX. R. CIV. P. 296; *see also IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 442 (Tex. 1997) ("The purpose of Rule 296 is to give a party a right to findings of fact and conclusions of law finally adjudicated after a conventional trial on the merits before the court."). "A trial court's failure to file findings in response to a timely and proper request is . . . presumed harmful, unless the record before the appellate court affirmatively shows that the complaining party has suffered no injury." *Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 135 (Tex. 2017) (internal quotations omitted). When a case involves "only a single ground of recovery or a single defense," "an appellant is not harmed by a failure to file findings and conclusions because he is not required to guess the reasons for a trial court's judgment." *Wood v. Pharia L.L.C.*, No. 01–10–00579–CV, 2010 WL 5060621, at *9 (Tex. App.—Houston [1st Dist.] Dec. 9, 2010, no pet.) (mem. op.). But when "a party is prevented from presenting his case on appeal, he has been harmed." *Alsenz v. Alsenz*, 101 S.W.3d 648, 652 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). Typically, the remedy

for failure to file timely requested findings of fact and conclusion of law is to abate. *See Elliott v. Kraft Foods N. Am., Inc.*, 118 S.W.3d 50, 54 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

This is not a case involving only a single ground of recovery or a single defense; therefore, we conclude that the record does not affirmatively show that the appellants have not been harmed by the trial court's failure to file findings of fact and conclusions of law. *See Ad Villarai*, 519 S.W.3d at 135. Because the trial judge continues to serve on the district court, the error in this case is remediable. *See* TEX. R. APP. P. 44.1; *Ad Villarai*, 519 S.W.3d at 140 (no rule or statute "grants successor judges the authority to file findings on behalf of their predecessors displaced by an election").

We **order** the trial court **to file findings of fact and conclusions of law on or before June 16, 2020.** Within 10 days after the trial court has filed findings of fact and conclusions of law, any party may file a request for specified additional or amended findings or conclusions. The trial court shall file any additional or amended findings that are appropriate within 10 days after such a request is filed. The trial court's **findings of fact and conclusions of law**, and any additional and amended findings or conclusions, shall be **included in a supplemental clerk's record** to be **filed with this court on or before August 1, 2020**.

The appeal is **abated**, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.

It is so **ORDERED**.


Judge's signature: _____/s/ Peter Kelly_____
             ☑ Acting individually    ⊠ Acting for the Court


Panel consists of Chief Justice Radack, and Justices Kelly and Goodman.

Date: ___April 16, 2020_____