**Affirmed and Memorandum Opinion filed November 26, 2024.**



In the

# Fourteenth Court of Appeals

---

## NO. 14-24-00293-CV

---

## HARRIS COUNTY APPRAISAL DISTRICT, Appellant

## V.

## 11490 WESTHEIMER ROAD LLC (ROYAL OAKS CENTRE OFFICE BUILDING), Appellee

---

**On Appeal from the 234th District Court
Harris County, Texas
Trial Court Cause No. 2022-53020**

---

## M E M O R A N D U M   O P I N I O N

After an Appraisal Review Board makes a decision in a tax protest over the appraised value of real property, the property owner can seek judicial review of that decision, as the property owner in this case has done. However, the payment requirement is jurisdictional, so a property owner forfeits the right of appeal if it fails to timely pay a portion of the taxes. Here, the Harris County Appraisal District brings this interlocutory appeal to challenge the trial court's denial of its plea to the

jurisdiction on the ground that no tax payments were made before the payments became delinquent. Because the affidavit proving timely payment is not conclusory as the District contends, we affirm the trial court's ruling.

## I. BACKGROUND

Appellee 11490 Westheimer Road LLC (the Property Owner) owns a high-rise known as "Royal Oaks Center Office Building" (the Property). In 2022, the Harris County Appraisal District (the District) appraised the market value of the Property at over $27 million. The Property Owner filed a tax protest, and the Appraisal Review Board (the ARB) reduced the Property's appraised value by over $6 million. Alleging that the reduced appraised value is still too high, the Property Owner appealed the ARB's decision to a district court.

In the trial court, the District filed a plea to the jurisdiction on the ground that the Property Owner's right to appeal was forfeited because the Property Owner paid none of its 2022 ad valorem taxes before the delinquency date. *See* TEX. TAX CODE § 42.08(b) (property owner that fails to pay a certain portion of the taxes before the delinquency date forfeits the right to appeal the ARB's decision). The District received payment months after the delinquency date, but the Property Owner maintained that it had timely mailed payment. *See* TEX. TAX CODE § 1.08(3) (payment is timely if "the property owner furnishes satisfactory proof that it was deposited in the mail . . . on or before the specified due date and within the specified period"). The trial court denied the plea, and the District brought this interlocutory appeal.

In a single issue, the District contends that the Property Owner's only proof of timely mailing is a conclusory affidavit.

## II. STANDARD OF REVIEW

The obligation to pay a certain portion of a property's taxes before the delinquency date is jurisdictional; if it is not satisfied, then the district court lacks subject-matter jurisdiction to decide the property owner's appeal. *U. Lawrence Boze' & Assocs., P.C. v. Harris Cnty. Appraisal Dist.*, 368 S.W.3d 17, 23 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Subject-matter jurisdiction can be challenged by a plea to the jurisdiction, and we review de novo the trial court's ruling on the plea. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

Where, as here, the plea challenges the existence of jurisdictional facts, the procedure and the standard of review mirror those applicable to summary judgments. *See id.* at 228. We consider the relevant jurisdictional evidence submitted by the parties, taking as true all evidence favorable to the plaintiff, indulging all reasonable inferences and resolving all doubts in the plaintiff's favor. *Id.* After the defendant asserts and supports with evidence that the trial court lacks subject-matter jurisdiction, the burden shifts to the plaintiff to show that there is a disputed material fact concerning jurisdiction. *Id.* If the jurisdictional evidence, considered in the light most favorable to the plaintiff, raises at least a question of fact as to the jurisdictional issue, then the plea must be denied, leaving the matter to be resolved by the factfinder. *Id.* at 227–28.

## III. ANALYSIS

With certain exceptions inapplicable here, a property owner's ad valorem taxes for a given year are delinquent if not paid before February 1st of the following year. *See* TEX. TAX CODE § 31.02(a). It is undisputed that the Property Owner forfeited its right to appeal the ARB decision if the Property Owner failed to pay a portion of its 2022 taxes before February 1, 2023.

3

When a property owner is required to make a tax payment by a specified date, the payment "is timely if it is properly addressed with postage or handling charges prepaid and . . . the property owner furnishes satisfactory proof that it was deposited in the mail . . . on or before the specified due date and within the specified period." *Id.* § 1.08(3).[1] The Property Owner maintains that it mailed the required partial payment on January 31, 2023, and supported that position with an affidavit and with copies of the documents referred to therein. On appeal, the District argues for the first time that "this affidavit is not competent evidence as it is conclusory and offers no substantive facts or documentation to support the alleged claims." *See City of San Antonio v. Pollock*, 284 S.W.3d 809, 816 (Tex. 2009) ("[C]onclusory statements cannot support a judgment even when no objection was made to the statements at trial.").

A "conclusory" statement is one that includes no underlying facts to support the conclusion. *Harris Cnty. v. Mireles*, 672 S.W.3d 663, 678 (Tex. App.—Houston [14th Dist.] 2023, pet. filed); *see also Arkoma Basin Expl. Co., Inc. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 389 n.32 (Tex. 2008). But the affidavit provided by the Property Owner is exactly the opposite: the affiant stated only facts, without drawing any conclusions.

Affiant Ashorina Mikhael-Fard began by explaining that she is a financial analyst at Younan Properties, Inc., which is the manager of the limited liability company that owns the Property, and that she is responsible for seeing that ad valorem taxes on the Property are paid. She attested that she received the tax bill dated November 21, 2022, and she attached a copy of the bill to her affidavit. She related that the bill stated that the 2022 taxes on the Property were due by January

---

[1] There are other ways of establishing timely payment, but this is the method at issue in this case.

31, 2023, and that checks should be made payable to Ann Harris Bennett, Tax Assessor-Collector, P.O. Box 4622, Houston, Texas 77210-4622. Mikhael-Fard attached a copy of the bill, and it substantiates her statements.

Mickhael-Fard further attested, "On January 31, 2023, I prepared Check Number 19660459 in the amount of $360,245.65 payable to Ann Harris Bennett, Tax Assessor-Collector for Harris County. I presented Check Number 19660459 to Mr. Zaya Younan for signature. Mr. Younan signed Check Number 19660459 on January 31, 2023 . . . ." She attached a copy of the check, which matches her description.

Mickhael-Fard then stated that she hand-addressed an envelope directed to Ann Harris Bennett, Tax Assessor-Collector, at the address given above, and that she "walked the envelope to the postage meter at the Younan Company corporate offices. The postage was prepaid US Postage First Class and dated January 31, 2023." She attached a copy of the envelope, and again, it matches her description. It is handwritten, addressed as directed in the tax statement, and the meter mark shows postage in the amount of $0.60 paid on January 31, 2023. Mickhael-Fard continued, "At the end of the business day on Tuesday, January 31, 2023, I drove to the United States Post Office located at 21801 Sherman Way, Canoga Park, California 91303," and after waiting in line, "handed the postage prepaid envelope . . . to the postal employee for mailing."[2]

---

[2] In the trial court, the District's only response to this evidence was its argument that the postage was insufficient because postage for a letter on January 31, 2023, would have been $0.63. The Property Owner then offered evidence (and additionally asked the trial court to take judicial notice) that the rate on that date for metered mail was $0.60. The District does not re-urge that argument on appeal. Of the meter mark, the District now argues only that the date of the mark is not evidence of the date the marked letter was mailed, but it was not offered for that purpose. Mickhael-Fard attested to the mailing date, and the District does not dispute that the meter mark is evidence of the amount of postage paid.

5

In the summer of 2023, Mickhael-Fard learned that the tax payment had not been received. She then stopped payment on check number 19660459 and sent the payment to the Tax Assessor-Collector electronically. Mickhael-Fard attached a copy of the receipt for the electronic payment.

Every statement discussed above is an uncontroverted statement of fact made on personal knowledge, and a copy of every document mentioned in the affidavit is attached to it. We accordingly hold that the affidavit is not conclusory and was properly considered by the trial court. Because this evidence supports the trial court's finding that the Property Owner's "January 31, 2023[,] tax payment was timely," the trial court did not err in concluding that it had jurisdiction over the case.

We accordingly overrule the sole issue presented.

### IV. CONCLUSION

For the foregoing reasons, we affirm the trial court's ruling denying the District's plea to the jurisdiction.


/s/     Tracy Christopher
Chief Justice

Panel consists of Chief Justice Christopher and Justices Bourliot and Wilson.