**Affirmed and Memorandum Opinion filed October 3, 2023**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00204-CV

### JOHN-HENRY AYANBADEJO, Appellant

### V.

### KRISTIN M. SETTLES, PILAR COYLE, FDC MANAGEMENT INC., THE LEXINGTON, Appellees

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-89809**

## MEMORANDUM OPINION

Appellant John-Henry Ayanbadejo ("Ayanbadejo") appeals pro se[1] a summary judgment granted to the leasing agent, apartment assistant manager, and management company of the apartment in which he lived, after he sued them for misrepresentation, Deceptive Trade Practices ("DTPA"), and premises liability.[2] In

---

[1] Ayanbadejo is an attorney but not licensed in Texas.

[2] The Lexington, the apartment owner, was named but not served with citation and did

what we construe as two issues, Ayanbadejo argues that appellees fraudulently deceived him to sign the lease, violated his privacy, failed to warn of or place anti-skid materials on ice, and hindered discovery. He also argues that his former attorney-of-record assaulted him and failed to return his files after withdrawing. We affirm.

## I. BACKGROUND

Ayanbadejo signed a fourteen-month lease at The Lexington apartments starting on December 16, 2016, and ending February 16, 2018. On November 1, 2017, Ayanbadejo gave sixty days' notice of his termination of the lease and intended move-out: "This letter serves as my sixty (60) day notice to vacate. I will be vacating my apartment at the end of my current lease." Ayanbadejo states in his second amended petition that at the time he had forgotten his was a fourteen-month lease, not a twelve-month lease. He alleges that after The Lexington received his notice letter, Pilar Coyle ("Coyle"), the leasing agent, erroneously told him that his lease lasted until the end of February 2018. Ayanbadejo pleads that he was then surprised when appellees told him on February 16, 2018, that he was expected to vacate the property by midnight. He contends that he tendered a check for rent for the entire month of February on February 16, 2018, to Coyle and the assistant manager, Kristen M. Settles ("Settles"), and stayed in his apartment through the end of February. Ayanbadeyo avers that Coyle and Settles improperly deducted money from his security deposit for cleaning and painting, which he disputes surpassed normal wear and tear. Ayanbadeyo's misrepresentation, DTPA, and contract claims against appellees in the trial court are based on these allegations.

Ayanbadeyo also brought premises liability claims against the appellees based on a slip and fall in the common area of The Lexington. On January 16,

not appear.

2018, Ayanbadeyo slipped on ice at the top of an exterior stairwell after Houston experienced unusually cold weather and an ice storm. Ayanbadeyo contends that appellees had a duty to warn him about the ice and to place non-skid "substances" on the stairway.

Appellees filed a motion for traditional summary judgment, contending that the landlord was the proper defendant for Ayanbadeo's claims, not them; the lease included a release of liability for managers and agents; and the lease terms addressed security deposits, modifications of the lease's duration, and contractual non-liability for injuries or loss from ice. Appellees also moved for summary judgment averring that Ayanbadejo was not a consumer under the DTPA in any transaction with appellees because appellees were only agents who facilitated the contract between Ayanbadeo and the Landlord, and that case law precluded his claims for justifiable reliance and slipping on naturally-occurring ice. Appellees' evidence included the lease and Ayanbadejo's notice letter that he would be moving at the end of his lease.

On February 21, 2022, the trial court granted appellees' motion for traditional summary judgment after an oral hearing.[3] This appeal ensued.

## II. STANDARD OF REVIEW

We review a trial court's grant of a traditional summary judgment de novo. *Provident Life & Accident Ins. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In a traditional motion for summary judgment, the movant has the burden of establishing that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *KPMG*

---

[3] Ayanbadejo states in his brief that the trial court decided cross-motions for summary judgment. At the hearing, the trial court stated that "[W]e're here on Defendants' Motion for Summary Judgment," and the trial court's order reflects that only appellees' motion was heard.

*Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). A defendant moving for summary judgment must either (1) disprove at least one of the essential elements of each of the plaintiff's causes of action or (2) conclusively establish all the elements of an affirmative defense. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). In deciding whether there is a disputed material fact precluding summary judgment, evidence favorable to the non-movant will be taken as true, every reasonable inference must be indulged in favor of the non-movant, and any doubts will be resolved in its favor. *Knott*, 128 S.W.3d at 215. The movant must conclusively establish its right to judgment as a matter of law. *See MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

## III. DISCUSSION

### A. THE LEASING AGENT, ASSISTANT MANAGER & MANAGEMENT COMPANY

In Ayanbadejo's first issue, he contends the trial court erred in granting appellees' motion for summary judgment because (1) appellees "fraudulently deceived [him] to enter a leasing contract" for an apartment that had previously suffered water damage from broken water pipes and (2) appellees violated his privacy rights under the United States Constitution by entering his apartment without permission. In sub-issues, Ayanbadejo also argues that appellees did not prove that the ice he slipped on was naturally occurring; appellees knew about the ice the day before he slipped but did not place warning signs or anti-slip materials on the stairwell; and appellees hindered the discovery process.

When a party moves for summary judgment on multiple grounds, and the trial court's order granting summary judgment does not specify the ground or grounds on which it was based, a party who appeals the order must negate all

4

possible grounds upon which the order could have been based. *Miner Dederick Constr., LLP v. Gulf Chem. & Metallurgical Corp.*, 403 S.W.3d 451, 463 (Tex. App.—Houston [1st Dist.] 2013), *pet. denied*, 455 S.W.3d 164 (Tex. 2015) (per curiam). If an appellant does not challenge each possible ground for summary judgment, then we must uphold the summary judgment on the unchallenged ground. *Id*. Appellees' grounds for summary judgment were: (1) appellees are not the proper parties to Ayanbadeyo's claims; (2) the terms of Ayanbadeyo's lease (a) release claims against managers and agents of the apartment complex,[4] (b) prohibit verbal modification of the lease, (c) preclude liability for ice and snow, and (d) govern disposition of security deposits; (3) Supreme Court precedent disallows Ayanbadeyo's claims for premises liability for naturally-occurring ice and for justifiable reliance; and (4) Ayanbadeyo was not a consumer under the DTPA as to appellees. Ayanbadeyo has not assigned error to each of these grounds on appeal, including that his lease terms release claims against the apartment's managers and agents. Because Ayanbadeyo has not assigned error to appellees' affirmative defense of release, we affirm the summary judgment on that ground. *See id.*

As to Ayanbadejo's sub-issue concerning discovery, an appellant must obtain a ruling from the trial court to preserve error regarding a discovery dispute. *See* Tex. R. App. P. 33.1 (stating that to preserve error a party must obtain either an express or implicit ruling or, if the court refuses to rule, must object to the failure to rule); *U. Lawrence Boze' & Assocs., P.C. v. Harris Cnty. Appraisal Dist.*, 368 S.W.3d 17, 32 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Although the record includes Ayanbadejo's motion to compel appellees' responses to interrogatories, and Ayanbadejo complained about inadequate discovery responses in his late-filed

---

[4] Release is expressly designated as an affirmative defense. Tex. R. Civ. P. 94. A release extinguishes a claim or cause of action and is an absolute bar to any right of action on the released matter. *Dresser Indus., Inc. v. Page Petroleum, Inc.*, 853 S.W.2d 505, 508 (Tex. 1993).

response[5] to appellees' motion for summary judgment, the record does not contain a ruling by the trial court on his discovery complaints. Thus, Ayanbadejo has not preserved error for review of his complaint alleging appellees' hindrance of discovery. *See* Tex. R. App. P. 33.1(a).

Regarding Ayanbadejo's issues that appellees fraudulently induced him to lease a water-damaged apartment and invaded his privacy, Ayanbadejo's second amended petition is devoid of these claims. Ayanbadejo cannot raise new causes of action for the first time on appeal. *See* Tex. R. App. P. 33.1(a) (requiring presentation of complaint to trial court to preserve issue for consideration on appeal); Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court . . . shall not be considered on appeal as grounds for reversal"); *see also Baxter v. Gardere Wynne Sewell LLP*, 182 S.W.3d 460, 465 (Tex. App.—Dallas 2006, pet. denied) (concluding appellants could not assert claim for first time on appeal to avoid summary judgment). Accordingly, we cannot address this sub-issue.

We overrule Ayanbadejo's first issue, including its sub-issues.

## B. AYANBADEJO'S FORMER COUNSEL OF RECORD

In his second issue, Ayanbadejo appeals that his former counsel of record breached a fiduciary duty and violated Ayanbadejo's constitutional rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution. In his appellate brief and in some of his pleadings before the trial court, Ayanbadejo explains that he was originally represented by counsel, Olu Otubusin. Ayanbadejo complains that his former attorney failed to cooperate in transferring the case files to another attorney or directly to Ayanbadejo. Ayanbadejo contends that his former

---

[5] Under Rule 166a(c), the non-movant's response must be filed "not later than seven days prior to the day of hearing." Tex. R. Civ. P. 166a(c). The summary judgment hearing occurred February 21, 2022. Ayanbadejo filed his response three days before the hearing.

attorney argued and slapped him on one occasion and coerced him into signing a motion to withdraw on a second occasion. Ayanbadejo states that his former attorney utilized an armed guard, who allegedly drew a gun, prevented Ayanbadejo from taking his files, and physically assaulted him. In August 2021, the trial court granted Otubusin's motion to withdraw as attorney of record. Ayanbadejo states that the trial court erred in awarding fees to his former attorney, but the trial court's order does not address attorney's fees. On appeal, Ayanbadejo also seeks $1,500,000 in damages from his former attorney, including unpaid wages while appellant worked at Otubusin's law office.

Ayanbadejo's former attorney is not a party to this lawsuit. *See generally* Tex. R. Civ. P. 39(a), 41, 51(a) (setting forth requisites for joinder of persons, misjoinder, and joinder of claims and remedies). There were no live claims against the former attorney in the proceedings before the trial court. *See* Tex. R. Civ. P. 47 (addressing pleadings for claims of relief). There was no motion for sanctions filed against the attorney in connection with his motion to withdraw. *See* Tex. R. Civ. P. 13; *see also Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 704, 718–23 (Tex. 2020) (explaining that a trial court's inherent authority includes the power to discipline an attorney's behavior and discussing limits to this authority). This court cannot consider Ayanbadejo's claims against his former attorney for the first time on appeal. *See* Tex. R. App. P. 33.1(a) (requiring presentation of complaint to trial court to preserve issue for consideration on appeal); *see also Baxter*, 182 S.W.3d at 465 (concluding appellants could not assert claim for first time on appeal).

We thus overrule Ayanbadejo's second issue.

## III.   CONCLUSION

Having overruled Ayanbadejo's issues, we affirm the judgment of the trial court.

/s/   Justice Margaret "Meg" Poissant

Panel consists of Justices Wise, Zimmerer, and Poissant.